IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:16-CR-88-LG-JCG-1

**SHUNDRAKE MCKEEL**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [79] Motion for Compassionate Release filed by Defendant, Shundrake McKeel. The Government filed a [86] Response in Opposition, to which Defendant filed a [93] Rebuttal. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On March 22, 2017, McKeel entered a plea of guilty to one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). On August 24, 2017, the Court sentenced McKeel to 92 months of imprisonment, 3 years' supervised release, restitution in the amount of $125,505.39 with interest waived, and a special assessment in the amount of $100.00. He is currently housed at FCI Beaumont Low and is scheduled to be released on May 28, 2023.

On May 18, 2020, McKeel filed a *pro se* Motion for Compassionate Release based on his fear of contracting COVID-19 in connection with reported medical issues, including HIV. (Mot. Compassionate Release, ECF No. 79). On June 9, 2020, the Government filed a response in opposition to the Motion, arguing that (1)

McKeel failed to exhaust his administrative remedies, (2) McKeel had not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against McKeel's release. McKeel then filed a reply on July 9, 2020, now represented by counsel, which set forth his arguments in greater detail.

## DISCUSSION

### I. Ripeness of Defendant's Motion

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), (ii). However, a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020). This Court interprets the "lapse" language in the second exhaustion method as having a futility component, that is, it applies only when the BOP has failed to respond to a compassionate release request within 30 days of its submission. *Allen*, 2020 WL 3159180, at *2; *Martin*, 2020 WL 3065302, at *3.

When an inmate's request is denied before the lapse of 30 days, he must fully exhaust administrative remedies before the Court may consider a motion to modify his sentence under the statute. In such cases, the defendant is subject to a four-step Bureau of Prisons ("BOP") grievance process: (1) informal resolution; (2) formal administrative grievance; (3) regional appeal; and (4) national appeal. *See* 28 C.F.R. §§ 542.13-542.15; *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *Allen*, 2020 WL 3159180, at *3.

McKeel states in his Motion that he addressed the Warden regarding compassionate release on March 23, 2020. (*See* Mot. Compassionate Release, ECF No. 79). McKeel also attached an affidavit declaring that, in addition to the email, he has submitted Forms BP-8, BP-9 and BP-10. (Aff. Shundrake McKeel, ECF No. 93-3). The Court may credit a defendant's sworn declaration that he filed such requests with the Warden, especially where the Government does not bring forth "any evidence to dispute or contradict [the defendant]'s sworn Declaration." *United States v. Kennedy*, No. 1:18CR154-HSO-RHW-1, 2020 WL 3316993, at *2 (S.D. Miss. Jun. 18, 2020).

Here, McKeel's affidavit states that he has made use of the BOP's grievance process through Forms BP-8, BP-9 and BP-10. (Aff. Shundrake McKeel, ECF No. 93-3). Form BP-10 is utilized by inmates to appeal the Warden's response to their Administrative Remedy Request. *See* 28 C.F.R. § 542.15. Moreover, McKeel's rebuttal memorandum indicates that the Warden responded to his requests for compassionate release. (Def.'s Rebuttal 10, ECF No. 93). Because the BOP acted on

McKeel's request, he must fully exhaust his remedies under this avenue. Thus, the Court may not modify his term of imprisonment until he has shown that he exhausted this process.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [79] Motion for Compassionate Release filed by the defendant, Shundrake McKeel, is **DENIED** for failure to exhaust administrative remedies**.**

**SO ORDERED AND ADJUDGED** this the 13th day of July, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE