IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    CAUSE NO. 1:16-CR-88-LG-JCG-1

**SHUNDRAKE MCKEEL**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [97] Motion to Reconsider filed by Defendant, Shundrake McKeel. McKeel seeks the Court's reconsideration of the [96] Order denying him a sentence reduction. The Government filed a [101] Response in Opposition, to which Defendant did not reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On March 22, 2017, McKeel entered a plea of guilty to one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). On August 24, 2017, the Court sentenced McKeel to 92 months of imprisonment, 3 years' supervised release, restitution in the amount of $125,505.39 with interest waived, and a special assessment in the amount of $100.00. He is currently housed at FCI Beaumont Low and is scheduled to be released on May 28, 2023.

On May 18, 2020, McKeel filed a *pro se* Motion for Compassionate Release based on his fear of contracting COVID-19 in connection with reported medical issues, including HIV. (Mot. Compassionate Release, ECF No. 79). The Court

denied McKeel's Motion on July 14, 2020, citing indications in the record that Defendant had not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Mem. Opinion & Order, 1-4, ECF No. 96). Defendant urges this Court to reconsider its ruling and reach the Motion on the merits. (Mot. Reconsider, ECF No. 97).

## DISCUSSION

### I. Ripeness of Defendant's Motion

As stated in the Court's previous [96] Order, a defendant seeking a sentence reduction must first satisfy one of the two exhaustion avenues listed in § 3582. The defendant must wait to bring his motion (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or on (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Further, this Court interprets the "'lapse of 30 days' language [in 18 U.S.C. § 3582(c)(1)(A)(i)] as applying only where the BOP has failed to respond to a compassionate release request within 30 days of its submission." *United States v. Opoku*, No. 1:17CR56-HSO-JCG-2, 2020 WL 3404735, at *2 (S.D. Miss. June 19, 2020).

In its ruling, the Court found that McKeel had not demonstrated satisfaction of the exhaustion provision, as there were indications in the record that the Warden had responded to his requests for compassionate release, which precluded the 30-day exhaustion method. (Mem. Opinion & Order, 3-4, ECF No. 96). In moving to

reconsider, Defendant argues that while the Warden did respond to the requests, thus initiating his use of the BOP grievance process, the 30-day period had lapsed without any such response when the Motion was filed. (Mot. Reconsider ¶¶ 4-5, ECF No. 97). Courts in other jurisdictions have held that where the BOP responds to the request *after* the thirty-day period lapses, the defendant is not required to follow through with the administrative appeal process before filing a motion in federal court. *See United States v. Gray*, 416 F. Supp. 3d 784, 788 (S.D. Ind. 2019). The Government does not make any argument to the contrary. Assuming, however, that McKeel satisfied the 30-day lapse method before the Warden's response, the Court finds that the Motion must be denied on the merits.

## II.     Merits of Defendant's Motion

In his original Motion, reply brief, and Motion to Reconsider, McKeel requests a sentence reduction based on his alleged medical conditions, including HIV, which leave him more vulnerable to COVID-19. (Mot. Compassionate Release, 1, ECF No. 79). In his reply memorandum, McKeel added that he suffers from hypertension and migraine headaches. (Reply Supp. Mot. Compassionate Release, 7, ECF No. 93). Moreover, McKeel's reconsideration motion cites a statistic that 466 inmates at FCI Beaumont Low have become infected with COVID-19. (Mot. Reconsider, ¶ 6, ECF No. 97).

To the extent Defendant requests a sentence reduction,[1] he is correct that a court can reduce a sentence "if it finds that extraordinary and compelling reasons

---

[1] To the extent Defendant has requested an order directing home confinement (Reply Supp. Mot. Compassionate Release, 27, ECF No. 93), the Court must note that it lacks the authority to order

warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id.*

The Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release.[2] Some courts continue to obtain guidance from the prior policy statement, U.S.S.G. § 1B1.13, while other courts have determined that they are no longer bound by the prior policy statement. *Compare United States v. York*, Nos. 3:11CR76, 3:12CR145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019). Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

The policy statement provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). It further provides that the defendant should not pose "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2). To determine whether a defendant poses a danger, courts consider

---

home confinement. *See* 18 U.S.C. § 3621(b); *United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020).

[2] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

the nature and circumstances of the offense charged and the weight of the evidence against the defendant, as well as the defendant's physical and mental condition, family ties, employment, criminal history, and drug and alcohol use history. 18 U.S.C. § 3142(g). The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release is also an important factor. *Id.*

McKeel's Motion for Compassionate Release, like countless others, is premised on the ongoing COVID-19 pandemic. McKeel, a 30-year-old male, further cites his HIV, hypertension, and migraine headaches as medical problems which could potentially leave him more vulnerable to the virus. (Reply Supp. Mot. Compassionate Release, 7, ECF No. 93; Mot. Reconsider, ¶¶ 7-8, ECF No. 97). Both conditions are present in McKeel's presentence investigation report. (Presentence Investigation Report (PSR) ¶ 153, ECF No. 71). The Court will also consider "the meteoric rise in COVID-19 cases at FCI Beaumont Low," where McKeel is incarcerated. (Mot. Reconsider, ¶ 10, ECF No. 97).

Publications by the Centers for Disease Control and Prevention (CDC) have recognized HIV as a condition which "can cause a person to be immunocompromised or have a weakened immune system," which may increase risk of severe illness from COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#immunocompromised-state (retrieved Aug. 26, 2020). "The risk for people with HIV getting very sick is

greatest in [p]eople with a low CD4 cell count, and [p]eople not on effective HIV treatment." *What to Know About HIV and COVID-19*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/hiv.html (retrieved Aug. 26, 2020). To that end, the Court recognizes that McKeel's medical records indicate a low CD4 cell count. (*See* Reply Supp. Mot. Compassionate Release, 8, ECF No. 93).

The CDC has recently recognized hypertension as an underlying medical condition which might cause a person to be at higher risk for severe illness from COVID-19. Specifically, the CDC has stated: "At this time, people whose only underlying medical condition is hypertension might be at increased risk for severe illness from COVID-19." *Clinical Questions about COVID-19: Questions & Answers*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#Patients-with-Hypertension (retrieved Aug. 26, 2020). In contrast, the CDC does not indicate that migraine headaches are a condition which may heighten risk of severe illness from COVID-19.

Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence. *See, e.g., United States v. Oliejniczak*, No. 1:15-CR-142-EAW, 2020 WL 2846591, at *4 (W.D.N.Y. June 2, 2020); *see also United States v. Denault*, No. 11 Crim. 121-7 (GBD), 2020 WL 2836780, at *2 (S.D.N.Y. June 1, 2020); *United States v. Colonna*, No. 18-cr-60012-BLOOM, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020).

Although Defendant's statistics are outdated, the BOP reports that there are seven (7) inmates and one (1) staff member with confirmed cases of COVID-19 at FCI Beaumont Low, where he is housed. *See COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (retrieved Aug. 26, 2020).

However, although much weight should be placed on McKeel's medical conditions, the Court agrees with the Government that the § 3553(a) factors disfavor a sentence reduction. (Govt.'s Resp. Def.'s Mot. Reduce Sent., 19, ECF No. 86). The § 3553 sentencing factors include the nature and circumstances of the offense and the history of the defendant. The Court may also consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment. 18 U.S.C. § 3553(a).

Here, McKeel entered a plea of guilty to one of six counts listed in the indictment; the remaining counts were then dismissed pursuant to his plea agreement. McKeel's total offense level was 32 based on the more than 8,000 kilograms of prescription medications in his possession. (PSR ¶¶ 107-139, ECF No. 71). Although the sentencing guideline was 121 to 151 months based upon his offense level and criminal history, with a 20-year statutory maximum, McKeel was sentenced to 92 months of imprisonment. (*Id.* ¶¶ 175-76); *see also* 21 U.S.C. § 841(b)(1)(C). Further, McKeel has only served about a half of his sentence, which was already well below the guideline range for his offense. The Court finds that, under these circumstances, a reduction in McKeel's sentence would not reflect the

gravity of the offense nor provide adequate deterrence to future offenses. Although the Court is sympathetic to his condition, it will not disturb his sentence given the significant amount of time remaining.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [97] Motion to Reconsider filed by the defendant, Shundrake McKeel, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of August, 2020.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE